IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES CHARLES STEPHENS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> COMMUNITY NEWSPAPER : <br> HOLDINGS INC., d/b/a The TIFTON : <br> GAZETTE, : <br> : <br> Defendant. : <br> : | Civil Action No. <br> 7:09-CV-00080-HL |

## ORDER

On June 23, 2009, the Defendant filed a notice of removal in this Court. Consistent with the practices of this Court, the notice of removal was subject to an initial review. For the following reasons, the Court directs this case to be remanded back to State Court.

**I. BACKGROUND**

Plaintiff filed a civil lawsuit in the State Court of Lowndes County, Georgia, on July 7, 2008. Plaintiff filed an Amended Complaint on June 1, 2009, which Defendant received on July 16, 2008. The Amended Complaint included a new request for punitive damages. Thereafter, Defendant timely removed the case to this Court on June 23, 2009. Defendant maintained that this Court has subject

1

matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1332 this Court has subject matter jurisdiction to hear claims brought under state law if there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. It appears from the notice of removal that there exist diversity of citizenship. The amount in controversy element, however, is not satisfied.

### A. Defendant's Burden of Proving Jurisdiction

The party removing the action bears the burden of proving the court has subject matter jurisdiction. Mitchell v. Brown & Williamson Tobacco Corp., 249 F.3d 1309, 1314 (11th Cir. 2002). The burden of proof for the defendant seeking to remove will depend on whether the plaintiff specified a damages amount in his complaint. If the plaintiff failed to specify a damages amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Lowery v. Alabama Power Co., 483 F.3d 1184, 1208-09 (11th Cir. 2007); Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Where the plaintiff demanded a specified damages amount less than $75,000, the defendant must prove to a "legal certainty" that the amount

in controversy exceeds $75,000. <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1094 (11th Cir. 1994).

Here, the Plaintiff seeks general and punitive damages of an unspecified amount. Because Plaintiff has failed to specify a total amount demanded, the Court must apply the more lenient burden set out in <u>Lowery</u>, rather than the heavier burden required by <u>Burns</u>.

### B. Amount in Controversy

In the Eleventh Circuit, a court must "review the propriety of removal on the basis of the removal documents." <u>Lowery</u>, 483 F.3d at 1211. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." <u>Id</u>. If not, the court must remand. <u>Id</u>. Specifically, a court "considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." <u>Id</u>. at 1213. If the evidence is insufficient to establish the Court's jurisdiction, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." <u>Lowery</u>, 483 F.3d at 1214 n.67(noting that permitting speculation in the removal context would vitiate the "reasonable inquiry" standard under Federal Rule Civil Procedure 11).

In this case the only evidence submitted by the Defendant to help calculate

the amount in controversy is a statutory cap on punitive damages. Under Georgia law, punitive damages for tort actions are capped at $250,000.[1]

Defendant argues that this statutory cap demonstrates the amount in this case exceeds the $75,000 threshold. The Court disagrees. It is well established that a statutory cap on punitive damages alone cannot be used to determine the amount in controversy. Love v. Northern Tool & Equipment Co., Inc., No. 08-20453, 2008 WL 2955124, *5-6 (S.D. Fla. Aug. 1, 2008) (finding potential punitive damage award, which was capped at $100,000 under the Florida Civil Rights Act, should not be included in calculation of jurisdictional amount where plaintiff did not specify the amount sought and defendant provided no evidence on issue).

Moreover, Plaintiff's Amended Complaint is the only other evidence offered by the Defendant as to the amount in controversy. Therefore, this Court is limited to Plaintiff's Amended Complaint in determining whether the amount in controversy is satisfied. The Plaintiff's Amended Complaint seeks to recover general damages, in addition to punitive damages as outlined by O.C.G.A. § 51-12-5.1. As previously stated, O.C.G.A. § 51-12-5.1 allows for recovery up to $250,000. This evidence alone is not sufficient for the Defendant to meet the

---

[1] O.C.G.A. § 51-12-5.1 states, in pertinent part:
"For any tort action which the trier of fact has determined that punitive damages are to be awarded, the amount which may be awarded in the case shall be limited to a maximum of $250,000.00."

preponderance of the evidence standard. For example, Defendant did not introduce evidence of jury verdicts with respect to punitive damages in similar cases. Love, 2008 WL 2955124 at 6. Nor has Defendant explained why the facts in this case would support a large punitive damages award. Id. Though the Court admits that the damages in this case may well exceed $75,000, this Court cannot blindly accept Defendant's assumption that the maximum penalty will be awarded. To accept this assumption would require this Court to ignore the Eleventh Circuit's precedent and follow the Defendant's mere speculation. Therefore, this Court finds that the Defendant has not met its burden.

### III. CONCLUSION

The Defendant has failed to proffer any evidence that would prove by a preponderance of the evidence that the unspecified damages would exceed $75,000. Accordingly, the case is remanded back to the State Court of Lowndes County, Georgia.

**SO ORDERED**, this the 2nd day of July, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON**

bgb